**SO ORDERED.**

**SIGNED this 31 day of October, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| WILLIAM ANTHONY HUFF<br>BARBIE ANGELIC HUFF | 12-04962-8-SWH |
|     DEBTORS | |
| WILLIAM ANTHONY HUFF and<br>BARBIE ANGELIC HUFF | ADVERSARY PROCEEDING NO. |
|     Plaintiffs | 13-00069-8-SWH-AP |
|     v. | |
| BERNARD GALLAGHER and<br>PATTI ANN GALLAGHER | |
|     Defendants. | |

**ORDER DENYING MOTION FOR JURY TRIAL**

The matter before the court is the motion filed by defendants, Bernard Gallagher and Patti Ann Gallagher, for a trial by jury in this adversary proceeding. Upon reviewing the motion along with the response in opposition filed by the plaintiffs, William Anthony Huff and Barbie Angelic Huff, the court has determined that it is not necessary to conduct a hearing. For the following reasons, the motion will be denied.

William Anthony Huff and Barbie Angelic Huff filed a petition for relief under chapter 13 of the Bankruptcy Code on July 6, 2012.  On August 8, 2012, Bernard and Patti Ann Gallagher filed a proof of claim in the amount of $18,746.07, based on a "default on promissory note."  Claim 4-1.  The attachments to the proof of claim include a promissory note and deed of trust executed by the debtors.  On September 23, 2012, the Gallaghers filed an amended proof of claim in the amount of $24,483.74.  Claim 4-2.  The debtors filed a complaint initiating the present adversary proceeding on April 26, 2013, in objection to the Gallaghers' claim.  In the complaint, the debtors allege that the Gallaghers obtained a default judgment against them in 2009, creating a lien on their residence, subject, however, to significant state-law based exemptions in the property.  The debtors allege that in order to avoid the Gallaghers' collection efforts, they agreed to make monthly payments toward satisfaction of the judgment, and signed a promissory note and deed of trust against their residence.  Thus, in addition to seeking damages based on the Gallaghers' collection methods, the debtors raise several defenses to the amended proof of claim, including unconscionability and lack of consideration as to the underlying instruments, ultimately seeking disallowance of the Gallaghers' claim.

The Gallaghers filed the instant motion for a jury trial on October 15, 2014, more than a year after the adversary proceeding began.  Debtors oppose the motion, contending that the Gallaghers have no right to a jury trial because they filed a claim in the bankruptcy case, and this proceeding challenges that claim.  In the leading case on this topic, the Supreme Court stated that it has consistently interpreted the Seventh Amendment to the United States Constitution as preserving the right of trial by jury in "'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were

administered." Granfinanciera v. Nordberg, 492 U.S. 33, 41 (1989) (quoting Parsons v. Bedford, 3 Pet. 433, 447 (1830). In Granfinanciera, the Court held that persons who had not submitted claims against a bankruptcy estate were entitled to a jury trial upon suit by the bankruptcy trustee to recover an allegedly fraudulent transfer. In a later case, Langenkamp v. Culp, 498 U.S. 42 (1990), the Court elaborated on Granfinanciera:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims" thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such there is no *Seventh Amendment* right to a jury trial.

498 U.S. 42, 44-45 (1990) (citations omitted). Thus, a key consideration in determining whether the right to a jury trial exists is whether or not a claim has been filed against the bankruptcy estate.

In this case, the Gallaghers filed a proof of claim against the debtors' bankruptcy estate, thereby triggering the claims determination process and subjecting themselves to the bankruptcy court's equitable power. The debtors, in turn, filed a complaint which alleges that the instruments on which the claim is based are unenforceable, and seeks disallowance of the claim in its entirety. The Gallaghers' claim, therefore, has been met with an action seeking its disallowance. As such, the present action unquestionably became part of the claims allowance process, triable only in equity. Accordingly, the Gallaghers do not have a right to a jury trial in this proceeding.

Based on the foregoing, the motion is **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**