**SO ORDERED.**

**SIGNED this 5 day of December, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **WILLIAM ANTHONY HUFF and BARBIE ANGELIC HUFF,** | **CASE NO. 12-04962-8-SWH** |
| Debtors. | |
| **WILLIAM ANTHONY HUFF and BARBIE ANGELIC HUFF,** | |
| Plaintiffs, | **ADVERSARY PROCEEDING NO. 13-00069-8-SWH** |
| v. | |
| **BERNARD GALLAGHER and PATTI ANN GALLAGHER,** | |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this adversary proceeding, the plaintiff debtors, William Anthony Huff and Barbie Angelic Huff (the "Huffs"), seek an order disallowing the secured claim and avoiding the deed of trust held by Bernard Gallagher and Patti Ann Gallagher (the "Gallaghers") under § 506(d) of the Bankruptcy Code (the "objection/avoidance claim"). The Huffs also assert a claim for relief under the North

Carolina Debt Collection Act (the "NCDCA"), N.C. Gen Stat § 75-50, et seq. (the "NCDCA claim"). This matter came before the court upon competing motions for summary judgment as to the two causes of action.

The Huffs move for summary judgment on their objection/avoidance claim, asserting that the Note and Deed of Trust underlying the Gallaghers' claim fail for lack of consideration and unconscionability. The Gallaghers move for summary judgment on the Huffs' objection/avoidance claim as well, asserting that the doctrine of *res judicata* bars relitigating the validity of the debt under the Note and Deed of Trust. Additionally, the Gallaghers' motion for summary judgment seeks to bar the Huffs' claim for relief under the NCDCA based upon the learned profession exemption. A hearing was held on September 10, 2014, in Wilmington, North Carolina.

## BACKGROUND

On or about November 11, 2007, the Huffs entered into a one-year lease agreement with the Gallaghers for residential real property located at 1414 Willoughby Park Court, Unit 1, in Wilmington, North Carolina. On March 13, 2009, the Gallaghers filed a complaint in New Hanover County District Court alleging that the Huffs were $4,286.00 in arrears under the lease and that they caused damage, or allowed damage to occur, on and to the leased property in the amount of $8,192.74. On August 17, 2009, the Gallaghers obtained a default judgment against the Huffs in the amount of $12,478.74, with interest at the legal rate of eight percent per annum from July 1, 2008, and attorney's fees and costs in the amount of $4,263.50 (the "judgment").[1]

The judgment became a lien upon property owned by the Huffs as tenants by the entirety located at 268 Broken Spur Court in Rocky Point, North Carolina (the "Property"). The Gallaghers

---

[1] As of July 1, 2014, the unpaid balance on the judgment was $22,811.75.

sought to enforce the judgment against the Property, and on or about July 23, 2010, they served the Huffs with notice of their rights to designate exemptions. The Huffs responded by filing a Motion to Claim Exempt Property on August 13, 2010. In the Motion, the Huffs claimed the value of their home was $80,000.00, and claimed a homestead exemption of $70,000.00. The Gallaghers objected to the homestead exemption, but the objection was overruled and the exemption was approved on February 15, 2011. On February 18, 2011, the Gallaghers caused the issuance of a writ of execution and sought a judicial sale of the Property. On February 28, 2011, prior to the date of judicial sale, the Gallaghers recalled the writ of execution.

On or about March 1, 2011, counsel for the Gallaghers met with the Huffs, at which time the Huffs executed a Note and Deed of Trust for the benefit of the Gallaghers in the amount of $19,450.36, which represented the amount of the judgment plus accrued interest and attorney's fees, and the Gallaghers ceased the judicial foreclosure. The Deed of Trust was recorded on March 2, 2011, in Book 3897, Page 41 of the Pender County Registry. Although the Note required the Huffs to make regular payments, the Gallaghers maintain that the Huffs defaulted on May 16, 2011. The Gallaghers sent a notice of intent to foreclose under the power of sale in the Deed of Trust to the Huffs on December 14, 2011, January 17, 2012 and March 5, 2012. A foreclosure hearing was held on June 1, 2012, and the Assistant Clerk of Superior Court entered an order authorizing the sale of the Property. On June 8, 2012, the Huffs filed a notice of appeal of the clerk's order but did not post an appeal bond. The foreclosure sale was held on June 29, 2012. On July 6, 2012, within the upset bid period set forth in N.C. Gen. Stat. § 45-21.27, the Huffs filed a voluntary petition under chapter 13.

The Huffs initiated an adversary proceeding on April 26, 2013, objecting to the secured claim of the Gallaghers and seeking to avoid the Deed of Trust, and alleging a violation of the NCDCA.[2] The Huffs assert that the Note fails for lack of consideration, and that the Note and Deed of Trust are unconscionable. The Gallaghers contend that the Note is valid and enforceable and argue that the doctrine of *res judicata* bars relitigating that issue. Further, the Gallaghers assert that the Huffs' NCDCA claim is barred by the learned profession exemption, which exempts professional services rendered by a member of a learned profession from being deemed unlawful under the Act. The Huffs filed a motion for summary judgment on August 13, 2014, and the Gallaghers filed a cross-motion for summary judgment on the same day.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). In making this determination, the court views all facts and inferences to be drawn from the facts in the light most favorable to the nonmoving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out baseless claims and defenses. Celotex, 477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the nonmoving

---

[2] Prior to the initiation of the adversary proceeding, the Huffs moved for avoidance of the judicial lien on the Property pursuant to § 522(f), and on April 5, 2013, Judge J. Rich Leonard entered an order avoiding the judicial lien.

4

party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.

*1. The Gallaghers' Motion for Summary Judgment on the Objection/Avoidance Claim*

The Gallaghers argue in their motion for summary judgment that the Huffs' objection/avoidance claim is barred by the doctrine of *res judicata*. The Gallaghers assert that the order approving the foreclosure sale entered by the clerk of court necessarily found the validity of the debt underlying the Note and Deed of Trust and constituted a final judgment on the merits to be afforded *res judicata* effect.

The doctrine of *res judicata* prevents the relitigation of matters that were or should have been adjudicated in a prior action in furtherance of judicial economy and relieving burdensome relitigation. Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). For *res judicata* to apply, the party asserting it must show that: (1) there was a previous suit; (2) the previous suit involved the same cause of action; (3) the previous suit resulted in a final judgment on the merits; and (4) the parties are the same or in privity with the parties in the previous suit. Williams v. Peabody, 217 N.C. App. 1, 5, 719 S.E.2d 88, 92 (2011).

Pursuant to N.C. Gen. Stat. § 45-21.16(d), in order to authorize a foreclosure sale by power of sale, the clerk must find, among other things, "the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled . . . ." The clerk's findings are appealable to the superior court for a *de novo* review, but the superior court's jurisdiction is limited to the four issues of valid debt, default, right to foreclose and notice. In re Foreclosure of a Deed of Trust Executed by Raynor, 748 S.E.2d 579, 583 (N.C. Ct. App. 2013). The Gallaghers argue that the clerk's finding regarding the validity of the Note and Deed of Trust was a final judgment on the merits because the Huffs failed to properly

5

appeal the order by not posting a bond. The Huffs, however, assert that the clerk's order was not final because they did properly appeal the order. The Huffs maintain that posting a bond is not required to perfect an appeal.

The doctrine of *res judicata* only applies to final judgments. In re Foreclosure of a Deed of Trust Executed by Raynor, 748 S.E.2d at 584. Issues decided by the clerk of court pursuant to a power of sale proceeding invoke the doctrine of *res judicata*, and the clerk's judgment becomes final *unless appealed*. Barfield v. Wachovia Mortg. Corp. (In re Barfield), 2003 Bankr. LEXIS 1820, at *15 (Bankr. E.D.N.C. Nov. 5, 2003) (citing Phil Mech. Constr. Co. v. Haywood, 72 N.C. App. 318, 325 S.E.2d 1 (1985)) ("when the clerk's order was not appealed it became final") (emphasis added). In Barfield, 2003 Bankr. LEXIS 1820, at *16, the court found that since the plaintiffs failed to appear at the foreclosure hearing and did not appeal the clerk's findings, they were precluded from raising the issue later on in an action to void the deed of trust. The converse is therefore true: if the clerk's order is not final by virtue of the appeal and subsequent bankruptcy filing, *res judicata* will not apply to bar the Huffs' objection/ avoidance claim.

It is clear under North Carolina law that failure to post a bond does not affect the validity of an appeal. See Matter of Foreclosure of a Deed of Trust Executed by Coley Props., Inc., 50 N.C. App. 413, 416, 273 S.E.2d 738, 740 (1981) (neither N.C. Gen. Stat. § 45-21.16(d) nor N.C. Gen. Stat. § 1-292 "gives the clerk or judge the power to make the posting of a bond a condition to the appeal."). Thus, the Huffs' appeal is effective, and the clerk's order is not final. *Res judicata* does not bar the Huffs from litigating the validity of the Note and Deed of Trust. Accordingly, the Gallaghers' motion for summary judgment on its defense of *res judicata* is denied.

*2. The Huffs' Motion for Summary Judgment on the Objection/Avoidance Claim*

A. Lack of Consideration

The Huffs contend that the Note and Deed of Trust fail for lack of consideration as a matter of law. However, the Gallaghers argue that consideration is not necessary to support the Note and Deed of Trust, and in the alternative, that if consideration is necessary, there is a genuine dispute over when such promised consideration is due.

When determining the validity of a contract, "courts may enter summary judgment in contract disputes because they have the power to interpret the terms of contracts." McKinnon v. CV Indus., Inc., 213 N.C. App. 328, 333, 713 S.E.2d 495, 500 (2011). Notes and deeds of trust are contracts, and an essential element of a valid and enforceable contract is consideration. Lewis v. Lester, 760 S.E.2d 91, 92-93 (N.C. Ct. App. 2014). "A mere promise, without more, lacks of consideration and is unenforceable." Stonestreet v. S. Oil Co., 226 N.C. 261, 263, 37 S.E.2d 676, 677 (1946). Some benefit or advantage to the promisee or loss or detriment to the promisor must be present to constitute consideration. Matter of Owen, 62 N.C. App. 506, 509, 303 S.E.2d 351, 353 (1983).

However, citing Thomason v. Bescher, 176 N.C. 622, 625, 97 S.E. 654, 655 (1918), the Gallaghers maintain that since the Note and Deed of Trust were executed under seal, no consideration is required. At common law, instruments under seal required no additional consideration; the seal itself imported consideration. McGowan v. Beach, 242 N.C. 73, 77, 86 S.E.2d 763, 766 (1955). However, the seal has lost much of its importance in North Carolina. Normile v. Miller, 63 N.C. App. 689, 693, 306 S.E.2d 147, 150 (1983). In actions for equitable relief, courts can look beyond the seal and require actual consideration. Id. In actions at law, a

7

contract signed under seal only raises a rebuttable presumption that the instrument is supported by consideration. Id. "[T]he effect of a seal is not to preclude the court's consideration of the issue entirely . . . but only to raise a presumption of consideration which must be rebutted by clear and convincing evidence." Loman-Garrett Supply Co., Inc. v. Dudney, 56 N.C. App. 622, 624, 289 S.E.2d 600, 602 (1982); see also Normile, 63 N.C. App. at 693, 306 S.E.2d at 150. Thus, the Huffs must show that the record overcomes the presumption of valid consideration by clear and convincing evidence and that there is no consideration as a matter of law to be entitled to summary judgment.

The court looks first to the language of the Note. The Note provided the following:

> At such time this note is paid in full and no balance is remaining, within 60 days the holder of this Note will file a satisfaction of judgment with the Clerk of Court, New Hanover County, a copy of which will be mailed to Debtors. . . .
>
> This Note is given as consideration for satisfaction of judgment entered in New Hanover County File Number 09 CVD 001233 on August 17, 2009, and is secured by a North Carolina Deed of Trust encumbering property in Pender County, North Carolina, which is a lien upon property therein described.

The Huffs maintain that this language is inconsistent and ambiguous as to when the Gallaghers were obligated to satisfy the judgment, and should be interpreted as requiring immediate satisfaction. They argue that the Note lacks consideration because the Gallaghers have neither satisfied the judgment nor credited it for payments received.[3] However, the Gallaghers assert that under the Note, they were only obligated to satisfy the judgment within 60 days of being paid in full.

---

[3]The court finds the Huffs' argument somewhat confusing in that on one hand, they seek an interpretation of the Note which gives no weight to the first quoted language, but on the other hand, incorporates some of that language into the interpretation they seek the court to adopt. In light of this alone, the court could find that there are genuine issues of material fact precluding summary judgment.

The court finds there to be an issue of material fact as to when the Gallagers were required to mark the judgment as satisfied. Moreover, there is a factual issue as to whether the asserted consideration implicated any detriment to the Gallaghers and any benefit to the Huffs. As such, the court finds that the Huffs cannot rebut the presumptive validity of consideration as a matter of law. The Huffs' motion for summary judgment on the issue of consideration is denied.

B. Unconscionability

Assuming, arguendo, that the Note and Deed of Trust are supported by consideration, the Huffs contend that they still are not enforceable because they are unconscionable. A contract is unconscionable when "'the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.'" Tillman v. Commercial Credit Loans, Inc., 362 N.C. 93, 101, 655 S.E.2d 362, 369 (2008) (quoting Brenner v. Little Red Sch. House Ltd., 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981)). If the terms of a contract are so one-sided as to deny a party any opportunity for a meaningful choice, the contract is unconscionable. Id. at 102, 655 S.E.2d at 369. In determining whether an agreement is unconscionable, courts consider all facts and circumstances of a case. Id.

The party asserting unconscionability must prove the existence of both procedural and substantive unconscionability, id. at 102, 655 S.E.2d at 370, and on a motion for summary judgment, they must be shown as a matter of law. Procedural unconscionability may exist where there is unfair surprise, lack of meaningful choice or an inequality in bargaining power. Id. at 102-03, 655 S.E.2d at 370. Procedural unconscionability involves "bargaining naughtiness" in contract formation, and includes "'not only the employment of sharp practices and the use of fine print and convoluted

language, but a lack of understanding and an inequality of bargaining power.'" Rite Color Chem. Co., Inc. v. Velvet Textile Co., Inc., 105 N.C. App. 14, 20, 411 S.E.2d 645, 648 (1992) (quoting 1 E. Farnsworth on Contracts § 4.28 (1990)). Courts may also examine factors such as age, education, intelligence, business acumen and experience, which party drafted the contract and whether the terms were explained to the weaker party. Maxwell v. Fid. Fin. Servs., Inc., 184 Ariz. 82, 89, 907 P.2d 51, 58 (1995).

The court finds that there are considerable factual disputes regarding the existence of procedural unconscionability. The Gallaghers and the Huffs present differing renditions of the parties' conduct leading up to the execution of the Deed of Trust and the Note. Specifically, the Gallaghers and the Huffs dispute which party initiated contact regarding a settlement, the extent and nature of the Gallaghers' collection efforts, whether the Note and Deed of Trust were explained to the Huffs, whether the parties' meeting was rushed, whether the Huffs understood the agreement and the fact that they were granting a Deed of Trust, whether the Huffs negotiated the terms of the agreement, whether the Gallaghers' attorney, Mr. Merritt, advised the Huffs to seek counsel, and whether the Huffs believed they lacked any meaningful choice.

In sum, the record is clear that factual disputes exist regarding procedural unconscionability, rendering summary judgment on the issue of unconscionability inappropriate without the need to inquire into substantive unconscionability. The Huffs' motion for summary judgment is denied.

*3. The Gallaghers' Motion for Summary Judgment on the NCDCA Claim*

The Gallaghers assert that the learned profession exemption bars the Huffs' claim under the NCDCA. The NCDCA, N.C. Gen. Stat. § 75-1.1, makes unlawful "[u]nfair methods of competition in or affecting *commerce*, and unfair or deceptive acts or practices in or affecting *commerce*."

10

(emphasis added). The learned profession exemption to the NCDCA, § 75-1.1(b), specifically exempts from the definition of commerce "professional services rendered by a member of a learned profession." The Gallaghers argue that the alleged acts in violation of the NCDCA all involved Mr. Merritt's rendering of professional legal services, and are exempted under the learned profession exemption. Thus, they argue that such claims cannot survive.

For the learned profession exemption to apply, "the person or entity performing the alleged act must be a member of a learned profession" and "the conduct in question must be a rendering of professional services." Reid v. Ayers, 138 N.C. App. 261, 266, 531 S.E.2d 231, 235 (2000). However, the court struggles with the application of the exemption to the facts of this case. The learned profession exemption is a professional's shield when acting on behalf of a client; it is not, as the Gallaghers assert in their motion, a party's shield when a learned professional is acting on the party's behalf. Here, the Gallagher's counsel is not being sued; they are. Neither Bernard Gallagher nor Patti Ann Gallagher is a member of a learned profession, and as such, the learned profession exemption does not apply. The Gallagher's motion for summary judgment on the NCDCA claims is denied.

## CONCLUSION

Based on the foregoing, the Huffs' motion for summary judgment on their objection/avoidance claim is DENIED. The Gallaghers' motion for summary judgment on res judicata and the learned profession exemption is DENIED.

**SO ORDERED.**

**END OF DOCUMENT**